IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH HALL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:16-cv-1866 |
| | ) | |
| v. | ) | Chief Judge Mark R. Hornak |
| | ) | Magistrate Judge Patricia L. Dodge |
| MICHAEL OVERMYER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

Pending before the Court is Respondents' motion to dismiss state prisoner Joseph Hall's petition for a writ of habeas corpus because he failed to comply with a Court order and notify this Court within 14 days of the conclusion of his state-court proceeding. (ECF 21.) It is respectfully recommended that the Court deny Respondents' motion.

**II.     REPORT**

   **A.     Relevant Background**

In 2008, Hall was convicted of third-degree murder and violation of Pennsylvania's Uniform Firearms Act. The Court of Common Pleas of Allegheny County sentenced him at the murder count to 17 ½ to 35 years' imprisonment, and 7 years of probation on the firearms conviction. The Superior Court of Pennsylvania affirmed Hall's judgment of sentence. On April 2, 2012, the Supreme Court of Pennsylvania denied a petition for allowance of appeal.

Hall then filed his first petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, which was ultimately unsuccessful.

On December 2016, Hall, through counsel, filed in this civil action a petition for a writ of habeas corpus (ECF 1). This case was then consolidated with a pro se habeas action Hall had recently filed. (ECF 3.)

In April 2017, counsel with the Federal Public Defender's Office entered her appearance as Hall's new counsel. (ECF 15.) Then, in February 2018, Hall, through counsel, moved to stay this federal habeas case because Hall was litigating another PCRA petition in state court. (ECF 19.) The Court granted this motion and instructed that "[c]ounsel for petitioner shall notify the Court of the disposition of the state court proceedings within fourteen (14) days of the final disposition of those proceedings." (ECF 20.)

The PCRA court later denied Hall's state petition. He appealed that decision with the Superior Court. Hall, through counsel, later voluntarily withdrew that appeal on May 28, 2024, however. Thus, Hall should have notified this Court by no later than around June 11, 2024 that his PCRA proceeding had concluded and therefore, that the stay should be lifted so he could continue to seek federal habeas relief. Hall did not move to lift the stay, however, or otherwise communicate with this Court.

In June 2025, Respondents filed the pending motion to dismiss, in which they contend that the Court should dismiss this habeas case by Hall did not comply with the Court's order directing that he notify it within 14 days of the conclusion of his PCRA proceeding. (ECF 21.)

Thereafter, the Court lifted the stay and direct Hall to file a response to the motion to dismiss. Hall, through new counsel with the Federal Public Defender's Office, then filed a response

(ECF 26) opposing Respondents' motion. Hall also moved for leave to file an amended petition (ECF 32), which Respondents do not oppose (ECF 35).[1]

**B.      Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim and therefore governs the Court's disposition of Respondents' motion. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984); *see also* Brian R. Means, Federal Habeas Manual § 8:52, Westlaw (database updated June 2025) ("a federal habeas action may be dismissed for failure of the plaintiff to comply with the rules or a court order. Fed. R. Civ. P. 41(b).") In *Poulis*, the Court of Appeals set forth these six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). None of the *Poulis* factors are dispositive and not all of them need to weigh in favor of dismissal before dismissal is warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Rather, the Court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*,

---

[1] The motion to amend is pending. It will be decided after the Court rules on the instant motion to dismiss. Respondents have explained that they do not oppose Hall filing the amended petition because they will be given the opportunity to address the timeliness, exhaustion, procedural default and/or merits of the claims Hall's in their answer to the amended petition. (ECF 35.)

923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). It must also analyze the factors in light of the "strong policy favoring decisions on the merits." *Id.*

As the movants, Respondents have the burden of persuading the Court that this habeas action should be dismissed for failure to prosecute. They have not met their burden here. In fact, they do not cite or discuss any of the *Poulis* factors.

The only *Poulis* factor that is implicitly invoked by Respondents' motion is the third factor, which considers whether there is a history of dilatoriness. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness[.]" *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). "A party's problematic acts must be evaluated in light of its behavior over the life of the case." *Id.* at 875. Here, there is no history of dilatoriness on Hall's part. That he failed to comply with one Court order and move to reopen this case within 30 days of the conclusion of his PCRA proceeding does not warrant the extreme sanction of dismissing this case for failure to prosecute. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness.") (internal quotations and citations omitted). Moreover, although Hall's failure to comply with the Court's instructions as to when to move to lift the stay has delayed this habeas action from proceeding for about one year, Respondents have not shown how they are prejudiced by the delay.

### III. CONCLUSION

For these reasons, Respondents have failed to show that the *Poulis* factors favor dismissal. Thus, it is respectfully recommended that the Court deny Respondents' motion to dismiss. (ECF 21.)

Objections to this Report and Recommendation are due by September 26, 2025.

September 12, 2025                    /s/ Patricia L. Dodge
                                      PATRICIA L. DODGE
                                      UNITED STATES MAGISTRATE JUDGE